Harris, J.,
delivered the opinion of the Court.
This was a bill filed by complainant in the Chancery Court at Rutledge, for divorce and alimony, and at the December Term of said Court, 1853, the cause was finally heard upon bill, answer and proof, and a *209 decree pronounced dissolving the bonds of matrimony, and assigning alimony to the complainant. From that decree defendant appealed to this Court, and during the pendency of the cause in this Court, the complainant has died.
It is now insisted that the appeal is in the nature ■of a writ of error, and is, in legal contemplation, a new suit, brought by the defendant in the Court below, to reverse the decree there rendered in favor of the complainant, and that unless he successfully prosecute this suit, so as to procure a reversal of said decree, the same will remain in full force against him.
In other words, as it is admitted the suit cannot be revived, it is insisted that the appeal abates, and not the original suit, and that the decree in the Court below is left in full force. And to sustain this position we are referred to the case of Franklin vs. Franklin, 2 Swan, 524. In that case, the defendants appealed from a decree in the Chancery Court, but voluntarily dismissed their appeal in this Court, and it was held that “This left the decree in the same condition as if no appeal had been taken.” By the act of 1819, ch. 31, it is provided, that if an appeal is taken from the Chancery to the Supreme Court, the cause shall be tried as if it had originally commenced in the Supreme Court. The effect of the appeal “Is to annul and make void, (or, at least suspend) the judgment appealed from. The suit is the same suit prosecuted in a different forum.” 3 Bou. Ins., 10; Kemp vs. Kennedy, 5 Cranch, 172; Turner vs. Bank of America, 4 Dall. 11. There is no doubt that either party has the right to have the decree of the Chan *210 cellor reviewed in this Court, and for this purpose he can take an appeal and have the cause heard in this Court, as though no decree had ever been pronounced. 11 Humph., 389. But, if after he takes his appeal he concludes voluntarily to dismiss it, he thereby, in effect, agrees to acquiesce in the decree in the Court below — waves his right to a hearing in this Court, and leaves the case precisely as it was before the appeal was taken. A writ of error, or an appeal in the nature of a writ of error, is a very different thing. They are in the nature of, and are, in effect, a new suit, .brought by the unsuccessful party, to reverse a judgment in the Court below; and if they abate, of course the judgment they were resorted to, to reverse, remains as though they had never been brought. In this case, as the defendant has brought it here by appeal, and has never dismissed, or abandoned his appeal, the cause stands for hearing de novo, and upon the death of a party, if an abatement take place, it is an abatement of the suit which was' then pending in this Court, and not of the appeal.